UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HID GLOBAL CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>VECTOR FLOW, INC.,<br><br>    Defendant. | Case No.  23-mc-80114-SVK<br><br>**ORDER ON (1) NON-PARTY INNOMINDS SOFTWARE, INC.'S MOTION FOR PROTECTIVE ORDER OR ORDER QUASHING SUBPOENAS; (2) PLAINTIFF HID GLOBAL CORP.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS TO INNOMINDS; AND (3) HID GLOBAL'S ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL MATERIAL**<br><br>Re: Dkt. Nos. 1, 7, 27 |

Before the Court are discovery disputes arising out of a case now pending in the United States District Court for the District of Delaware styled *HID Global Corporation v. Vector Flow, Inc., et al.*, Case No. 21-1769 (GBW) (Consolidated) (the "Delaware Action").  The Plaintiff in the Delaware Action, HID Global Corporation, served subpoenas on a non-party, Innominds Software, Inc. ("Innominds US"), seeking the production of documents and a deposition. Dkt. 7-3, 7-4.  Innominds US, which is located in this District, now moves for a protective order or, in the alternative, for an order quashing the subpoenas.  Dkt. 1.  HID Global moves to compel compliance with the subpoenas.  Dkt. 7.  The Court held a hearing on May 2, 2023 and ruled from the bench.  The Court **MODIFIES** the document subpoena and **GRANTS** HID Global's motion to compel compliance with the modified document subpoena.  As to the deposition subpoena, the Court **GRANTS** Innominds US's motion for a protective order and **QUASHES** the deposition subpoena, **WITHOUT PREJUDICE**.  The Court's reasoning is as set forth on the record and is summarized here for convenience of the Parties to these motions and the Court.

I.  **LEGAL STANDARD**

Subpoenas to non-parties are governed by Federal Rule of Civil Procedure 45, which provides that a subpoenaed party may be commanded to attend and testify at a deposition at a specified time and place and/or produce those records in its "possession, custody, or

control." Fed. R. Civ. P. 45(a)(1)(A)(iii).

The scope of discovery that can be requested under Rule 45 is the same as the scope under Rule 26(b). Advisory Committee Note to Fed. R. Civ. P. 45 (1970); *see also Ow v. United States*, No. 17-cv-0733-SK, 2018 WL 6267839, at *1 (N.D. Cal. June 12, 2018). Under Rule 26(b)(1), a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." As a result, a court must limit discovery if it is unreasonably duplicative or could be obtained from a more convenient or less burdensome source. Fed. R. Civ. Proc. 26(b)(2)(C)(i); *see also Ow*, 2018 WL 6267839, at *1.

"On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45[(d)](3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Ow*, 2018 WL 6267839, at *1 (quoting *Chevron Corp. v. Donziger*, No. 12-mc-80237, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013)). A court must quash a subpoena where the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "[I]f the sought after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed . . . would be by definition undue." *Id*. (citation omitted).

A motion to compel compliance with, quash, or modify a Rule 45 subpoena must be brought in the court for the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i), 45(d)(3)(A). The subpoenas at issue call for compliance in this District, and therefore the present motions are properly before this Court. *See* Dkt. 7-3, 7-4.

**II.  DISCUSSION**

    **A.  Document subpoena**

The document subpoena is directed to Innominds US. Dkt. 7-3. As stated above, a subpoena to a non-party may command the production of documents in that non-party's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). In the Ninth Circuit, "control" is

defined as "the legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999). The key facts relevant to the pending discovery motions are as stated on the record. Those facts—in particular the Master Services Agreement between Innominds US and the defendant in the underlying action, Vector Flow[1]—establish that Innominds US controls the operations of Innominds Software Private Limited, which is located in Bangalore, India, within the meaning of the legal test for control for purposes of the document subpoena to Innominds US. As set forth on the record, the opening paragraph, the recitals, and sections 2.31, 2.8.2 and 2.8.3 evidence Innominds US's legal right to obtain documents on demand from Innominds Software Private Limited.

However, the Court finds the scope of the document requests overly broad and not proportional to the needs of the case, particularly in light of Innominds US's status as a non-party to the Delaware Action. Accordingly, for the reasons stated on the record, the Court rules as follows on the requested categories of documents:

- The Definitions are **MODIFIED** as follows:
    - The following entity and individuals are **STRICKEN** from the definition of "You" and "Your": Advent Global Solutions, Inc., Joginaidu Gopisetti, Srinivas Kasiriveni, Kalaram Verma, and Shruti Kanade.
    - The definition of "Accused Product(s)" is **MODIFIED** to conform to the definition of "Accused Product(s)" in the Delaware action.
- Document requests 1 and 4 are **STRICKEN**.
- Document request 5 is **MODIFIED** to clarify that it encompasses only documents concerning the listed actions of the identified individuals' for Innominds US or Innominds Software Private Limited.
- Document requests 2, 6, and 7 are **ALLOWED.**
- In its motion to compel, HID Global requested that the Court order Innominds US to produce documents in response to "at least" the foregoing document requests, which it identified as "critical" to its claims in the Delaware case. Dkt. 7 at 12. In light of HID Global's characterization of the foregoing document requests and the

---

[1] The Court **GRANTS** HID Global's unopposed Administrative Motion to supplement the record with Exhibit 28, the MSA between Innominds and Vector Flow. Dkt. 28.

Court's review of the remaining document requests, the remaining document requests are **STRICKEN**.

Innominds US's production of documents in response to the modified subpoena is due on **May 24, 2023.**

### B.     Deposition subpoena

The deposition subpoena is directed to Innominds US and commands that it designate a person to testify on its behalf on various topics. Dkt. 7-4. In its motion to compel, HID Global asked the court to compel Innominds US to provide a witness to testify on "at least" Topics 3 and 14-22, which HID Global characterized as "critical" to HID Global's claims in the Delaware Action. Dkt. 7 at 12. Following a discussion of the "critical" topics at the hearing and considering the respective roles of Innominds US and Innominds Software Private Limited in the relevant events, the Court concludes that HID Global has failed to demonstrate that Innominds US has discoverable information on the "critical" deposition topics or an obligation to either prepare a witness from Innominds US or provide a witness from Innominds Software Private Limited on these topics, and further concludes that to require Innominds US to comply with the deposition subpoena would impose an undue burden and be disproportional to the needs of the case. Although Innominds US has control over certain categories of documents in the possession of Innominds Software Private Limited for purposes of the document subpoena discussed above, the Court clarifies that it has not made any finding that Innominds Software Private Limited is an agent or alter ego of Innominds US. Accordingly, the Court **QUASHES** the deposition subpoena, **WITHOUT PREJUDICE** to HID Global's right to serve a new subpoena that is focused on relevant activities of Innominds US.

**SO ORDERED.**

Dated: May 2, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

4