UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HID GLOBAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VECTOR FLOW, INC.,<br><br>Defendant. | Case No. 23-mc-80114-SVK<br><br>**ORDER ON JOINT DISCOVERY SUBMISSION**<br><br>Re: Dkt. No. 52 |

Before the Court is a Joint Discovery Submission filed by HID Global Corporation ("HID Global") and third-party Innominds Software, Inc. ("Innominds US"; collectively the "Parties") in which both Parties seek further relief following this Court's Order on previous motions (Dkt. 35 — the "Order"). In issuing the Order, the Court had the benefit of extensive briefing and a hearing. Dkt. Nos. 1, 7, 20, 21, 51. The Court determines that the present dispute may be resolved without oral argument. Civ. L.R. 7-1(b).

**I.      Relevant Background**

In the previous dispute referenced above, the Court resolved HID's motion to compel a deposition and production of documents and Innominds US's motion for protective order. *See* Dkt. 35. More specifically with regards to the production of documents, the Court found that the evidence before it, reviewed in detail at the hearing (Dkt. 51 at 5-8), demonstrated that third party Innominds US had the legal right to obtain documents upon demand from Innominds Software Private Ltd. ("Innominds India"). *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999); Dkt. 35 at 3. Accordingly, the Court ordered Innominds US to produce documents from Innominds India in accordance with the subpoena as narrowed by the Court. *Id*. The Court quashed the deposition subpoena, without prejudice to HID Global serving a subpoena directed to the relevant activities of Innominds US. *Id*. at 4.

## II.  The Current Dispute:  Production of Documents by Innominds US Pursuant to the Order

HID Global complains that Innominds US has not produced any documents pursuant to the Order.  Dkt. 52 at 4.  Innominds US argues that it asked Innominds India for documents but received nothing in response.  *Id*. at 7.

Innominds US fails to understand the import of the Order issued by this Court.  HID Global served a subpoena on Innominds US for documents; this Court ordered Innominds US to respond to the subpoena with documents from Innominds India.  Dkt. 35 at 3.  Innominds US has failed to do so and is therefore in violation of this Court's Order.  Innominds India's opinion of the veracity of this Court's Order does not absolve Innominds US of its obligations to this Court.[1]  To the extent Innominds US's current submission is a request that this Court reconsider the Order in light of Innominds India's correspondence, that request is **DENIED**.  The Parties had ample opportunity to submit, and did submit, a plethora of evidence in the initial rounds of briefing, all of which was reviewed and considered by this Court and is cited with specificity in its ruling on the record.  Dkt. 51, *passim*.  Accordingly, the Court **ORDERS** Innominds US **TO SHOW CAUSE** as to why it should not be found in contempt for failing to comply with a Court order.  **By June 23, 2023** Innominds US must:

1. Produce responsive documents in accordance with the Order and file a declaration confirming compliance with the Order.  For any category of documents which Innominds US has a good faith belief do not exist, it must file a declaration executed under penalty of perjury by a person with personal knowledge detailing the search conducted for the documents and the results of that search.  If the Court is satisfied with Innominds US's compliance with this order, the Court will terminate the order to show cause.

2.  If Innominds US does not comply with no. 1 above, it must file a written response, not to exceed 10 pages, showing cause why Innominds U.S. should not be held in contempt by this Court for failure to comply with this Court's Order.  Fed. R. Civ. Proc. 45(g).  The Court will hold an in-person hearing on **July 11, 2023 at 1:30 p.m.**

---

[1] Notably, Innominds US cites no authority suggesting otherwise.

**III.     The Current Dispute:  The Deposition Subpoenas**

In the previous dispute, the only deposition subpoena at issue was directed to Innominds US.  The Court found that the topics generally were overbroad and burdensome for third-party Innominds US, particularly with regards to the operations of Innominds India.  Dkt. 35 at 4; Dkt. 51 at 34-37.  Accordingly, the Court quashed the subpoena without prejudice to HID Global serving a new subpoena more narrowly focused on the "relevant activities of Innominds US."  *Id.*  Following the Order, HID Global served two subpoenas:  one directed to Innominds US encompassing eight topics and one directed to Divakar Tantaravahi, CEO of Innominds US and a director of Innominds India.

With limited exceptions noted in the compromise below, the scope of the eight topics in the subpoena directed to Innominds US are largely reconstituted from the initial subpoena and remain fatally vague and overbroad and as such unduly burdensome on third party Innominds US.  HID Global itself identifies the overbreadth of its topics directed at "communications," confessing that it intends the topics to reach the activities of Innominds India.  Dkt. 52 at 6.  HID Global further argues that it should now be allowed to explore the relationship between Innominds US and Innominds India in light of Innominds US's failure to comply with the Order.  Dkt. 52 at 5.  This request is premature in light of the Court's order to show cause.  Further, the Court finds that the compromise proposed by Innominds US as to acceptable topics is more in line with this Court's Order.  Dkt. 52 at 10-11.  As for the deposition of Mr. Tantaravahi, HID Global identifies the objective of the deposition to be the relationship between Innominds US and Innominds India (Dkt. 52 at 5) which is, as stated above, premature. The Court need not, and therefore does not, reach the apex issues argued by both sides.

////
////
////
////
////
////
////

Accordingly, the Court **ORDERS** as follows:

Innominds US is to sit for deposition **no later than June 30, 2023** to testify regarding:

(i) Innominds US's understanding of the documents Innominds US produced (HID/Quantum contracts) and the Master Services Agreement with Vector Flow; and

(ii) to authenticate all documents produced by Innominds US pursuant to this Court's Orders. Innominds US may satisfy this topic by stipulation.

**SO ORDERED.**

Dated: June 15, 2023

SUSAN VAN KEULEN
United States Magistrate Judge